Honorable Ashley Smith Chairman Government Organization Committee Texas House of Representatives P. O. Box 2910 Austin, Texas 78769
Re: Authority of Amarillo Hospital District to dispose of Northwest Texas Hospital (RQ-1277)
Dear Representative Smith:
You ask several questions pertaining to the City of Amarillo Hospital District (AHD). The AHD was authorized by article IX, section 5, of the Texas Constitution and created by Acts 1957, 55th Leg., ch. 136, at 298. Because the creating statute predated the effective date of the constitutional amendment authorizing the district, the legislature `validated' the enabling statute by enacting House Bill No. 70 by Acts 1959, 56th Leg., ch. 32, at 59. House Bill No. 70 was essentially a reenactment of the earlier statute with a few amendments.
The boundaries of the AHD are coextensive with the boundaries of the city of Amarillo. Tex. Const. art. IX, § 5(a). The constitutional provision as originally adopted authorized the legislature to permit Potter County to levy a tax in that portion of the county outside the city limits of Amarillo to render financial aid to the district. Art. IX, § 5(b). A similar provision relating to Randall County was added to the constitution in 1987. Art. IX, § 5(e). Thus, Potter and Randall County residents who are not residents of a hospital district may be served by the AHD.[1] Acts 1957, 55th Leg., ch. 136, § 16, at 304, as amended by Acts 1959, 56th Leg., ch. 32, § 16, at 66 and Acts 1987, 70th Leg., 2nd C.S., ch. 71, § 4, at 454.
We restate your questions as follows:
 1. Does the AHD board of managers or the Amarillo City Commission own and operate the Northwest Texas Hospital?
 2. Who has final authority to sell, lease, or close the hospital? Which entity, the hospital district board or the Amarillo City Commission, must determine that the sale, lease, or closure of the hospital is in the best interest of the district's residents?
 3. Is an election required to approve the sale or lease of the Northwest Texas Hospital to another entity?
 4. If the hospital is sold, leased, or closed, what is the hospital district's responsibility to the persons it serves?
The AHD operates the Northwest Texas Hospital. Confusion about the authority of the board of managers of the hospital district may stem from the fact that the governing body of the city of Amarillo also has statutory responsibilities in relation to this hospital district. The district's enabling legislation provides in pertinent part:
 sec. 1. The City of Amarillo, Texas, may be constituted a Hospital District . . . for the purpose of owning and operating a hospital or hospital system for indigent and needy persons. . . .
. . . .
 sec. 4. a. Any lands, buildings or equipment that may be jointly or separately owned by the City of Amarillo and the County of Potter, within the hospital district, and by which medical services or hospital care are furnished to the indigent . . . shall become the property of the Hospital District; and title thereto shall vest in the Hospital District. . . .
 Sec. 5. a. The governing body of the City of Amarillo shall appoint a Board of Hospital Managers . . . whose duties shall be to manage, control and administer the hospital or hospital system of the Hospital District. . . . The Board is authorized to promulgate rules and regulations for the operation of the hospital or hospital system. . . .
 Sec. 6. The governing body of the City of Amarillo shall have the power to prescribe the method and manner of making purchases and expenditures by and for such Hospital District . . . or may delegate any or all such powers to the Board of Managers. . . .
. . . .
 Sec. 9. a. The Hospital District . . . shall have the right and power of eminent domain. . . .
 b. The Hospital District shall have the power to take by purchase or lease lands within or without the district as may be required for its purpose; and it may sell or lease any lands owned by it at public or private sale; provided, however, that no real estate may be sold or leased until after there has been a determination by the governing body of the City of Amarillo that either the lands are no longer required for the purposes of the district or that the grantee or lessee will use the property for hospital purposes or purposes incidental and necessary to hospital purposes. (Emphasis added.)
Acts 1957, 55th Leg., ch. 136 as amended by Acts 1959, 56th Leg., ch. 32.
In answer to your first question, it is clear from the language quoted above in sections 4, 5, and 9 that the hospital district owns Northwest Texas Hospital and that the board of managers operates the facility.
Next you ask about the authority to sell, lease, or close the hospital. Section 9(b) of the district's enabling statute quoted above addresses the sale of land. However, article 4437c-2, V.T.C.S., is a later enactment of the legislature that is specifically concerned with the sale, lease, or closure of hospitals. In our opinion, this article answers your second and third questions. The statute provides in pertinent part:
 Section 1. In this Act, `official action' means . . . a resolution adopted by the governing body of a hospital district.
 Section 2. (a) The governing body of . . . a hospital district by official action may order the sale, lease, or closure of all or any part of, including real property, a hospital owned and operated by the political subdivision. The official action must include a finding by the governing body that the sale, lase, or closure is in the best interest of the residents of the political subdivision.
. . . .
 (c) The sale or closure of a hospital is contingent on the right of the voters by petition to require a referendum on the issue. The sale or closure may not take effect sooner than the expiration of the time for a petition to be filed under Section 3 of this Act and, if a valid petition is filed, the sale or closure is contingent on voter approval.
. . . .
 Section 3. (a) If before the 31st day after the date on which the governing body orders that a hospital be sold or closed the governing body receives a petition signed by at least 10 percent of the qualified voters of the political subdivision requesting an election on the question, the governing body shall order and conduct an election.
 (b) . . . If a majority of the qualified voters voting on the question approve the sale or closure, the hospital may be sold or closed.
V.T.C.S. art. 4437c-2.
Pursuant to article 4437c-2, V.T.C.S., the board of managers of the hospital district has authority to sell, lease, or close the Northwest Texas Hospital after the board determines that such action is in the best interest of the district's residents.
Article 4437c-2, V.T.C.S., does not give the city of Amarillo's governing body any authority to participate in a decision by the hospital district's board of managers to sell, lease, or close its hospital facility. If the proposed action is a sale or closure of the facility, the voters may petition for an election on the issue of approving or disapproving the proposed sale or closure. An election is not required unless the petition requirements of article 4437c-2, V.T.C.S., are satisfied. See Jackson County Hospital District v. Jackson County Citizens For Continued Hospital Care, 669 S.W.2d 147 (Tex.App.-Corpus Christi 1984, no writ).
Finally, you ask about the hospital district's responsibility to the persons it serves if the Northwest Texas Hospital is sold, leased, or closed. The constitutional provision and statute governing the AHD require the district to provide medical care to the needy inhabitants of the district and to residents of Potter County who are outside the district's boundaries. Tex. Const. art. IX, § 5; Acts 1957, 55th Leg., ch. 136, as amended. If approved by the voters of Randall County, the district will also be responsible for the care of Randall County residents who do not reside in a hospital district.
Pursuant to the Indigent Health Care and Treatment Act (article 4438f, V.T.C.S.) a hospital district has a mandatory duty to provide the health care services required under the Texas Constitution and the statute creating the district. V.T.C.S. art. 4438f, § 11.02. In accordance with section 11.03 of the Indigent Health Care and Treatment Act, a hospital district may arrange to provide health care services through other public facilities, by contracting with a private provider, or through the purchase of insurance for eligible residents. The district may also affiliate with other public hospitals, hospital districts or governmental entities to provide regional administration and delivery of health care services. See Attorney General Opinion JM-858 (1988).
Regardless of the method chosen by the hospital district to provide services to its eligible recipients, the district is liable for the health care services as provided by the constitution and its statute. V.T.C.S. art. 4438f, § 12.01(b). Thus, the sale, closure, or lease of the Northwest Texas Hospital will have no effect on the legal responsibility that the AHD has towards the persons it serves.
 SUMMARY
The City of Amarillo Hospital District owns the Northwest Texas Hospital. The board of managers of the hospital district operates the facility.
Pursuant to article 4437c-2, V.T.C.S., the hospital district's board of managers may sell, lease, or close a hospital after a finding that such action is in the best interest of the district's residents. The voters of the district may petition for an election on the issue of selling or closing a hospital.
If the Northwest Texas Hospital is sold, leased, or closed, the City of Amarillo Hospital District continues to be legally responsible for providing medical care pursuant to the Indigent Health Care and Treatment Act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General
[1] Randall County has not yet held an election on the question of participating in the AHD.